

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 1549 | DATE | October 25, 2010 |
| CASE TITLE | De'Markus Bailey (K-50190) v. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied. The complaint or petition [1] is dismissed without prejudice to Plaintiff seeking to raise his claims in a successive petition for habeas corpus relief after obtaining permission from the Seventh Circuit Court of Appeals or to Plaintiff seeking relief in state court.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, De'Markus Bailey, currently incarcerated at the Danville Correctional Center (K-50190), has filed a *pro se* civil rights action labeled as a Class Action Petition for Permanent Injunction under 28 U.S.C.A. § 2284. Plaintiff challenges the application of Illinois' truth-in-sentencing act (730 ILCS 5/3-6-3) ("the Act") to his sentence and to the sentences of similarly situated inmates. The Act requires inmates convicted of certain offenses to serve at least 85% of their sentence. According to Plaintiff, because the Illinois Supreme Court found that the Act violated the state's single-subject rule, the Act does not apply to his sentence. Plaintiff requests that this Court declare the Act invalid and enjoin the Illinois Department of Corrections and the Illinois Prisoner Review Board from calculating his sentence under the Act.

Plaintiff made this same argument in a petition for habeas corpus relief filed in this Court last year. *See Bailey v. Randle*, No. 09 C 5537 (N.D. Ill.). The Court dismissed that petition as time-barred under the one-year limitations period applicable to federal habeas cases. *Id.* (Order of October 2, 2009) (Kendall, J.); *see also* 28 U.S.C. § 2244(d).

Plaintiff's current action was filed as a civil rights class action suit and was docketed by the Clerk of this Court as a petition for habeas corpus relief. The Court clarifies that, because Plaintiff challenges the computation of his sentence and the relief he seeks involves the shortening of his imprisonment time, his claim in this Court must be presented in a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (challenges that affect the validity or duration of a sentence must be raised in a petition for habeas corpus relief). Plaintiff may not re-characterize his claim as a civil rights challenge seeking injunctive relief. The Court further notes that to the extent Plaintiff is able to seek relief under § 1983, either money damages or an injunction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998) (an inmate may not seek civil damages or injunctive relief for an unconstitutional conviction or sentence until the conviction or sentence has been reversed on direct appeal, declared invalid by a state tribunal, expunged by executive order, or called into question by a federal court on habeas review). Plaintiff has not shown that his sentence was invalidated by direct review, by an executive order, by a state tribunal, or by this Court on federal habeas review.
(CONTINUED)

| | isk |
|---|---|

| **STATEMENT (continued)** |
|---|

Accordingly, Plaintiff's current complaint is dismissed. If Plaintiff seeks to pursue in this Court his challenge to the calculation of his imprisonment term under Illinois' truth-in-sentencing act, he must do so in a petition for habeas corpus relief under § 2254. Furthermore, because Plaintiff's prior § 2254 petition was dismissed as time-barred, he must first obtain permission from the Seventh Circuit to file a successive § 2254 petition pursuant to 28 U.S.C. § 2244(b) and Seventh Circuit Rule 22.2. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (a § 2254 petition dismissed as untimely counts under § 2244(b) such that a later filed petition is successive). The current case is dismissed and Plaintiff's motion to proceed *in forma pauperis* is denied. The Court advises Plaintiff that he must use this Court's forms when filing his petition and *in forma pauperis* motion. The Court further advises Plaintiff that the repeated filing of the same challenge to his sentence under different labels, particularly without informing the Court of his prior cases, may result in the imposition of sanctions or a barring order.